UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 01-4986

JAMES CHARLES COX, JR.,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-00-335)

Submitted: July 19, 2002

Decided: August 12, 2002

Before WIDENER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Thomas H. Johnson, Jr., GRAY, NEWELL, JOHNSON & BLACK-MON, L.L.P., Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Randall Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

James Charles Cox, Jr., pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2002) and was sentenced as an armed career criminal to 282 months imprisonment. He appeals.

Cox first claims that the district court abused its discretion by denying his motion to withdraw his guilty plea. Cox possesses no absolute right to withdraw his plea of guilty. *United States v. Ewing*, 957 F.2d 115, 118 (4th Cir. 1992). We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Lambert*, 994 F.2d 1088, 1093 (4th Cir. 1993). Cox asserts that his plea was not knowing and voluntary because he is legally innocent based on the restoration of his civil rights under North Carolina law. *See* N.C. Gen. Stat. § 14-415.1(a) (1993). Cox's claim is foreclosed, however, by the Supreme Court's decision in *Caron v. United States*, 524 U.S. 308 (1998) (upholding Caron's conviction for being a felon in possession of a firearm, even though his firearm possession was legal under Massachusetts law). We find that, in accordance with *Caron*, the restrictions imposed by the North Carolina Felony Firearms Act are sufficient to satisfy the requirement of § 922(g). In light of the thorough nature of the Fed. R. Crim. P. 11 hearing, *see United States v. Puckett*, 61 F.3d 1092, 1099 (4th Cir. 1995), and the district court's consideration of Cox's motion, we cannot conclude that the district court abused its discretion in declining to allow Cox to withdraw his plea. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Next, Cox argues that the district court erred in denying his motion to dismiss the indictment for lack of subject matter jurisdiction because § 922(g) is an unconstitutional exercise of Congress' power to regulate interstate commerce. This court has explicitly rejected this

argument. *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001). Cox also asserts that the indictment was defective under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because it failed to allege the prior convictions which served as the basis for his sentence as an armed career criminal. This court recently held that prior felony convictions which qualify the defendant for an armed career criminal sentence need not be charged in the indictment and proved beyond a reasonable doubt. *United States v. Sterling*, 283 F.3d 216, 219-20 (4th Cir.), *cert. denied*, 70 U.S.L.W. 3774 (U.S. June 17, 2002) (No. 01-10174). Therefore, this claim fails as well.

Finally, Cox claims, for the first time on appeal, that his conviction violated the Interstate Agreement on Detainers Act (IADA). By pleading guilty, Cox has waived any claims with respect to antecedent non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). In any event, Cox provides no evidence that there was a detainer placed on him by federal authorities. Accordingly, Cox cannot show any error, let alone plain error. *United States v. Olano*, 507 U.S. 725, 734 (1993).

We therefore affirm Cox's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*